U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA
APR 29 2009
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CALVIN REDD (D.O.C. #317023) | DOCKET NO. 08-CV-0847; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| CANTEEN FOOD & CATERING SERVICES, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed by Plaintiff Calvin Redd (#317023), pro se and in forma pauperis, on June 13, 2008. Redd is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is housed at Winn Correctional Center (WCC) in Winnfield, Louisiana. Plaintiff seeks injunctive relief and $50 million in damages. He alleges that Defendants[1] were negligent in supervising their employees, in failing to maintain sanitary conditions at WCC, in failing to do what they should have done, and failing to see what they should have seen. He also alleges unconstitutional conditions of confinement.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply

---

[1] Plaintiff names as defendants: Canteen Food & Catering Service, Corrections Corporation of America (CCA), Tim Wilkinson, Assistant Warden Tim Morgan, Angie Martin, Pat Thomas, and Winn Correctional Center.

with ... any order of court...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Plaintiff was ordered to amend his complaint on January 9, 2009. Plaintiff's amended complaint was to be filed on or before February 11, 2009. Because Plaintiff has not responded to the Court's Order, and because the time for filing Plaintiff's response has long expired, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

## OBJECTIONS

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 27th day of April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE